No. 7 March 19, 2025 285

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Adverse Party,*

*v.*

BYRON JON SLAUGHTER,
*Defendant-Relator.*
(CC 25CR04286) (SC S071787)

En Banc

Original proceeding in mandamus; considered and under advisement on March 18, 2025.*

Connor B. McDermott, Columbia Gorge Defenders, The Dalles, filed the petition for defendant-relator.

PER CURIAM

The petition for writ of mandamus is denied.

James, J., concurred and filed an opinion.

_____

* On petition for writ of mandamus from an order of Wasco County Circuit Court, Marion T. Weatherford, Judge.

**PER CURIAM**

The petition for writ of mandamus is denied.

**JAMES, J.,** concurring,

For prudential reasons, I concur in this court's decision to deny issuance of a writ of mandamus in this matter. But I write separately to emphasize that, in my view, our denial of a writ of mandamus in this case should not be read as an endorsement of the merits of the state's argument, nor of the decision of the trial court.

Relator is being held pretrial on charges of driving under the influence of intoxicants (DUII), ORS 813.010, and driving while suspended or revoked, ORS 811.182. Relator was arrested for those charges on February 9, 2025. On February 26, relator entered a not guilty plea on both charges and requested a trial within 60 days pursuant to ORS 136.290. That statute provides:

> "(1)  Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial.

> "(2)  If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on the own recognizance of the defendant, or in the custody of a third party, or upon whatever additional reasonable terms and conditions the court deems just as provided in ORS 135.230 to 135.290."

Two days after relator's plea—on Friday, February 28, 2025—relator filed a motion to suppress evidence, arguing that he had been unlawfully seized without a warrant when officers extended the scope and duration of the traffic stop and that their ensuing "roadside questioning" had been unlawful.

On March 3, 2025—the following Monday—the trial court set a trial date of March 26 after it confirmed the proposed date with both relator and the state. Later that

day, however, the state filed a motion requesting that the court reset the trial for some time in April and to instead use the hearing scheduled for March 26 to resolve relator's motion to suppress. The state argued that, when it had originally agreed to the March 26 trial date, it had been unaware that relator had filed a motion to suppress (the previous Friday). The state asserted that, given the allegedly short timeframe, it was not reasonable for the state, or the court, to accommodate both a motion to suppress hearing and trial before March 26.

Although the state acknowledged that the requested new trial date would exceed defendant's 60-day trial date, it argued that such an extension was permissible under ORS 136.295(3), which provides that "[a]ny reasonable delay resulting from examination or hearing regarding the defendant's mental condition or competency to stand trial, *or resulting from other motion* or appeal *by the defendant*, shall not be included in the 60-day period." (Emphasis added.) The state argued that the time between relator filing his motion on February 28, 2025, and the March 26 hearing—a total of 25 days—should be tolled and not counted as part of relator's 60-day period of custody for purposes of ORS 136.290.

Relator responded that, absent his consent to a continuance, he was entitled to release under ORS 136.290 if the case was not brought to trial within 60 days. He contended that ORS 136.295(3) did not apply because he had filed a "routine pretrial motion," as opposed to a "surprise or last-minute filing" that created any delay, thereby triggering an extension under ORS 136.295(3). Finally, relator argued that the state's requested 25-day toll was not reasonable because the trial court could set the trial within the 60-day period, even if that were inconvenient, and his motion could be heard before the trial date or on the morning of trial. Relator asked the court to deny the state's motion and to set the trial within the 60-day period or, otherwise, release him.

The trial court granted the state's motion, explaining that the request for up to 25 days was reasonable, given that the state had the burden of proof on defendant's motion to suppress. The court also noted that the motion was a "last-minute motion, given the condensed time period we have to

find time for trial." The court set trial for April 11, 2025—that is, 16 days after the originally set trial date, and on the 61st day following defendant's arrest. Based on that ruling, relator submitted to this court a petition for a writ of mandamus, asserting that ORS 136.295(3) did not supply a valid exception to the requirement that trial be held within 60 days.

The question presented in relator's mandamus petition, therefore, is whether relator's filing of a motion to suppress created a "reasonable delay" under 136.295(3). In my view, it did not.

ORS 136.290 guarantees a right to be brought to trial within 60 days. That is not a right to a performative trial, but a trial, with all the usual opportunities to present a defense and move against the state's evidence. The timing of the filing of motions to suppress in criminal cases in Oregon is governed by the Uniform Trial Court Rules (UTCRs). UTCR 4.010(1) provides:

> "In the absence of a showing of good cause or a Supplementary Local Rule (SLR) to the contrary, motions for pretrial rulings on matters subject to ORS 135.037 and ORS 135.805 to 135.873 must be filed in writing *not less than 21 days before trial* or within seven days after the arraignment, whichever is later."

(Emphasis added.) Because a motion to suppress is a matter subject to ORS 135.037(2)(a), that rule applies to the motion at issue in relator's petition.

Pursuant to UTCR 4.010, a criminal defendant is under no obligation to file a motion to suppress at any point earlier than 21 days prior to trial. The Uniform Trial Court Rules, at least in part, inform the boundaries of reasonableness for the time to file criminal motions. As such, absent case-specific extraordinary circumstances that are not present in this record, relator's filing of a motion to suppress in full compliance with those rules—in this case 26 days prior to trial—did not create a "reasonable delay" under ORS 136.295(3) sufficient to legally support a continuance of the trial date beyond defendant's right to be brought to trial within 60 days as provided in ORS 136.290.

I respectfully concur.